UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY MORVANT | CIVIL ACTION |
| VERSUS | NO. 13-6339 |
| ASBESTOS CORPORATION LIMITED | SECTION "N"  (3) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion to Remand **(Rec. Doc. 3)**, on which this Court has granted expedited hearing.  Rec. Doc. 10.  Defendant's response is filed at Rec. Doc. 9.

Plaintiff Mary Morvant, a Louisiana resident, suffers from mesothelioma.  She brought suit in the Civil District Court, Parish of Orleans, against the alleged manufacturers, suppliers, and installers of asbestos products to which she allegedly was exposed.  Rec. Docs. 1-2, 1-3,1-4.  The defendants included Asbestos Corporation Limited ("ACL"), a Canadian asbestos fiber miner and manufacturer, as well as five Louisiana residents:  (1) Eagle, Inc. ("Eagle"), (2) McCarty Corporation ("McCarty"), (3) Taylor-Seidenbach ("Taylor"), (4) Reilly-Benton Company, Inc. ("Reilly-Benton"), and (5) Burmaster Land & Development, LLC ("Burmaster").  Plaintiff settled her claims against three of the in-state defendants (Taylor, Burmaster and Reilly-Benton).   However, the other two in-state defendants (Eagle and McCarty) filed motions for summary judgment, which were opposed by Plaintiff and granted by the state court after a contradictory hearing on October 15, 2013.  Rec. Docs. 3-3, 3-4, 3-9, 3-10, 3-11.  Trial is

scheduled to commence in six days, on November 12, 2013. Rec. Doc. 3-2. Yesterday, November 5, 2013 at 4:08 p.m., ACL filed a notice of removal in this Court, on grounds that diversity jurisdiction now exists in light of plaintiff's recent settlements with the remaining in-state defendants. Rec. Doc. 1. Today, plaintiff filed the instant expedited motion to remand.

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* Federal courts have diversity jurisdiction where there is complete diversity between all plaintiffs and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

In removal cases, as a general rule, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). However, an exception to this rule exists where the non-diverse defendant is dismissed voluntarily by the plaintiff. In such cases, the matter becomes removable even though diversity did not exist at the time suit was filed. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir. 1967); *see also, e.g., Mumfrey v. ANCO Insulations,* 2011 WL 4745626 (E.D. La. 2011). Thus, if the dismissals of all the in-state defendants were voluntary on the plaintiff's part, the matter would have become removable upon the dismissal upon the last remaining non-diverse defendant.

In this case, however, two of the in-state defendants were dismissed involuntarily on motion for summary judgment, not by any voluntary act taken by the plaintiff. Indeed, the

2

plaintiffs opposed the dismissals.  *See* Rec. Doc. 3-10.  One of the primary reasons behind the voluntary-involuntary rule is "so that there is no doubt that the defendant has been dropped from the case and that the plaintiff will not be able to challenge the dismissal on appeal or otherwise and ultimately destroy diversity jurisdiction if the claim is held to have been improperly dismissed." *Mumfrey*, 2011 WL 4745626 at *2 (citations and internal quotations omitted). Here, defendant has made no showing to address this concern or to demonstrate that the state court's dismissal of Eagle and McCarty were brought about by any voluntary act of the plaintiff. Thus, it has failed to carry its burden of demonstrating that the matter has become removable. Accordingly;

**IT IS ORDERED** that plaintiff's Motion to Remand **(Rec. Doc. 3)** is **GRANTED**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, from whence it came.

New Orleans, Louisiana, this 6th day of November 2013.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**